# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-60615
Summary Calendar

WEI SHENG LOU, also known as Weishao Luo

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 442 840

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wei Sheng Lou has petitioned for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen as numerically barred and untimely. This court has jurisdiction to review Lou's petition as it seeks relief based on allegedly changed circumstances in Lou's home country of China. See Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005). We review the BIA's denial of a motion to reopen for abuse of discretion. Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993). That discretion will not be disturbed unless

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it is arbitrary, capricious, racially invidious, or utterly without evidentiary foundation. Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993).

Approximately seven years after he was ordered excluded, and over five years after abandoning his first motion to reopen his deportation proceedings, Lou filed a second motion seeking to reopen his deportation proceedings on the basis that he is likely to be forcibly sterilized if he is removed to China because he has married and, in violation of China's family planning laws, has fathered four children during the pendency of his exclusion proceedings. He argued that these circumstances constitute a material change in circumstances warranting the reopening of his deportation proceedings pursuant to 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA held that the motion to reopen was both numerically barred and untimely and that Lou did not qualify for an exception to the numerical and time restrictions for filing motions to reopen. The BIA held that the birth of Lou's children overseas did not entitle Lou to relief because it was a change in his personal circumstances rather than a change of conditions in China. The BIA further found that Lou had offered no persuasive evidence that forcible sterilizations have occurred in his home province of Guangdong. The BIA rejected Lou's argument that a successive asylum application is not subject to the timeliness and numerical limitations that govern motions to reopen and it found that Lou had not demonstrated exceptional circumstances warranting the exercise of its discretionary authority to reopen the proceedings. Lou filed a timely petition for review.

Lou has not shown that the BIA's determination that his claim was based on a change in his personal circumstances rather than changed circumstances in China lacks an evidentiary foundation. Pritchett, 993 F.2d at 83. The BIA's determination that 8 U.S.C. § 1158(a)(2)(D) does not authorize Lou to file a successive asylum application based on changes in his personal circumstances is not arbitrary, capricious, or manifestly contrary to the applicable statutes.

See *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 844 (1984). As Lou has not attempted to controvert the BIA's determination that there is no persuasive evidence that forced sterilizations have occurred in Lou's home province of Guangdong, he has not established that he is entitled to relief under the Convention Against Torture. Accordingly, the petition for review is DENIED.